IN THE COURT OF APPEALS
AT KNOXVILLE

FILED

March 3, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

LAWRENCE DIXSON and wife,      )      KNOX CIRCUIT
    MARY DIXSON,                )      C.A. NO. 03A01-9709-CV-00417
                     )
      Plaintiffs-Appellants )
                     )
                     )
                     )
                     )
vs.                            )      HON. WHEELER A. ROSENBALM
                     )      JUDGE
                     )
                     )
                     )
                     )
ATLANTIC SOFT DRINK COMPANY,   )      AFFIRMED AND REMANDED
also d/b/a Pepsi Cola Company,)
                     )
      Defendant-Appellee  )

SHERMAN AMES, III, Gillenwater, Nichol & Ames, Knoxville, for
Appellants.

EDWARD U. BABB, Butler, Vines & Babb, PLLC, Knoxville, for
Appellee.

O P I N I O N

McMurray, J.

At approximately 1:00 on Christmas morning of 1995, a pickup truck which had been stolen from the defendant Atlantic Soft Drink Company's business compound, crashed into the plaintiffs' residence, allegedly causing property damage and personal injury to the plaintiffs. Plaintiffs, in their complaint asserted that the defendant was negligent in leaving the keys inside the unlocked truck and providing inadequate security for the parking lot where company vehicles were left. The plaintiffs also sought to impose liability on the defendant under the doctrine of respondeat superior. The defendant moved for summary judgment. Summary judgment was granted and the complaint dismissed. This appeal resulted. We affirm the judgment of the trial court.

The parking lot of the defendant's compound is surrounded by an eight-foot chain link fence topped by three strands of barbed wire slanted away from the premises. In the early hours of that Christmas morning, a van and the pickup truck in question here, were stolen from the lot. The van was found a short distance from the parking lot, lodged on a tree stump.

The administrative manager for the defendant testified by affidavit and without dispute that the van "had multiple scratches

2

on [its] hood and top which were consistent with the van being driven through the chain link fence."  A portion of the fence was pulled away from the fence posts, leaving an opening large enough to drive the van and truck through.  Each entrance to the parking lot was secured by a chain and padlock and no evidence of tampering with them was presented.

The administrative manager also testified that "[b]ecause the vehicles were secured in a fenced compound to which the general public had no access, drivers of these vehicles were permitted to leave the keys in an inconspicuous place inside the vehicle. Standard procedure did not permit the keys to be left in the ignition."

The driver of the stolen truck fled on foot after crashing it into the plaintiffs' house.  An eyewitness who saw the driver running away testified that he was wearing a jacket with a Pepsi logo on it.  The keys, which were left in the ignition, also had a Pepsi logo on them or on the keychain.  The driver has not been identified nor apprehended.

In their complaint the plaintiffs allege that "the driver of the truck was an employee, agent and/or uniformed servant of the defendant and, therefore, the defendant is responsible for the consequences of his actions."  This respondeat superior theory is not directly argued on appeal.  Nevertheless, we have reviewed it

3

and we find it to be without merit.  Even if it is assumed that the driver was an employee of the defendant, reasonable minds could not conclude that he was acting within the course and scope of his employment when he took the company vehicles, an element required for recovery under respondeat superior.[1]  See, e.g., Tennessee Farmers Mut. Ins. Co. v. American Mut. Liability Ins. Co., 840 S.W.2d 933, 937 (Tenn. App. 1992).

We will now address the question of the defendant's alleged negligence.  To establish negligence the plaintiffs must demonstrate the following elements:

> (1) a duty of care owed by defendant to plaintiff;  (2) conduct below the applicable standard of care that amounts to a breach of that duty;  (3) an injury or loss; (4) cause in fact;  and (5) proximate, or legal, cause. Kilpatrick v. Bryant, 868 S.W.2d 594, 598 (Tenn. 1993); Bradshaw v. Daniel, 854 S.W.2d 865, 869 (Tenn. 1993); McClenahan v. Cooley, 806 S.W.2d 767, 774 (Tenn. 1991).

McCall v. Wilder, 913 S.W.2d 150, 153 (Tenn. 1995).

Our Supreme Court has defined the "duty" concept as "the legal obligation owed by defendant to plaintiff to conform to a reasonable person standard of care for the protection against unreasonable risks of harm." Id. at 153. (Citations omitted).

---

[1]We do not mean to imply in any manner that the evidence of a Pepsi logo on the clothing the driver was wearing is sufficient to establish an inference that the driver was an employee.  To make such an inference would require a quantum leap which we believe to be beyond the pale of fundamental reason.

4

For purposes of summary judgment we must construe all facts and reasonable inferences to be drawn therefrom in favor of plaintiffs. Thus, we must assume that the keys to the truck were left in the ignition. Assuming this to be true, for the purposes of summary judgment, however, we are of the opinion that the defendant's conduct could not reasonably be construed as falling below a "reasonable person" standard under the circumstances. Likewise, assuming that it is foreseeable that a vehicle would be stolen from an unattended and unsecured parking lot when the keys to the vehicle are left in the ignition, we feel that the defendant's precautions for prevention of that foreseeable event were sufficient to negate liability. An eight-foot chain link fence topped by barbed wire with the gates chained and locked, is, we believe, sufficient security. Only by the use of extraordinary and extreme force, such as that used in this case, would a person be able to escape with a vehicle from defendant's locked and secured compound. We find that, under these circumstances, the defendant did not breach a duty of reasonable care to the plaintiffs.

In the case of <u>McClenahan v. Cooley</u>, 806 S.W.2d 767 (Tenn. 1991), the Supreme Court engaged in a scholarly review of Tennessee "key-in-ignition" cases. Many of the cases which the court reviewed dealt exclusively with the question of a defendant's liability under T.C.A. § 55-8-162, <u>Id</u>. at 771-72, a statute not

5

relied upon by either party in this case.[2] Applying traditional common law principles, the court concluded:

> that reasonable minds can differ as to whether a person of ordinary prudence and intelligence through the exercise of reasonable diligence could foresee, or should have foreseen, the theft of an unattended automobile with the keys in the ignition <u>left in an area where the public has access</u>, and could likewise foresee the increased risk to the public should a theft occur.
>
>         *       *       *       *
>
> In sum, a jury might conclude in this case that a reasonable person would not have left the keys in the ignition of his unattended car <u>parked in a lot where the public had ready access</u>. [Emphasis added]

<u>Id</u>. at 776.

In <u>McClenahan</u>, the defendant, a law enforcement officer, left his keys in his unattended car, in a public parking lot of a shopping center. <u>Id</u>. at 769. This fact clearly distinguishes <u>McClenahan</u> from the present case, where the defendant left its vehicle parked on its private, fenced and locked parking lot. Clearly, the public had no access to defendant's vehicles absent the use of exceptional force. In this regard, the <u>McClenahan</u> court noted:

> Nothing, however, stated hereinabove is intended to imply that ... the evidence in some comparable situation might

---

[2] T.C.A. § 55-8-162 provides as follows:

**Unattended Motor Vehicle** — No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, and effectively setting the brake thereon and, when standing upon any grade, turning the front wheels to the curb or side of the highway.

6

not possibly justify even a judgment for the vehicle owner as a matter of law. Determinations in this regard must necessarily depend on the entire circumstantial spectrum, such as the position of the vehicle and the nature of the locality in which the vehicle is left, the extent of access thereto, operational condition of the vehicle, its proximity to surveillance, the time of day or night the vehicle is left unattended, and the length of time (and distance) elapsing from the theft to the accident.

Taking into consideration the factors mentioned in <u>McClenahan</u>, the totality of the circumstances, and construing all facts and reasonable inferences in favor of the plaintiffs, we agree with the judgment of the trial court that the defendant was entitled to judgment as a matter of law.

The judgment of the trial court is affirmed in all respects and the case is remanded to the trial court. Costs on appeal are assessed to the appellants.

_____
Don T. McMurray, Judge

CONCUR:

_____
Houston M. Goddard, Presiding Judge

_____
Charles D. Susano, Jr., Judge

7

IN THE COURT OF APPEALS
AT KNOXVILLE


LAWRENCE DIXSON and wife,      )      KNOX CIRCUIT
    MARY DIXSON,                )      C.A. NO. 03A01-9709-CV-00417
                            )
        Plaintiffs-Appellants )
                            )
                            )
                            )
                            )
vs.                            )      HON. WHEELER A. ROSENBALM
                            )      JUDGE
                            )
                            )
                            )
                            )
ATLANTIC SOFT DRINK COMPANY,   )      AFFIRMED AND REMANDED
also d/b/a Pepsi Cola Company,)
                            )
        Defendant-Appellee  )


**<u>JUDGMENT</u>**


    This appeal came on to be heard upon the record from the Circuit Court of Knox County, briefs and argument of counsel.  Upon consideration thereof, this Court is of the opinion that there was no reversible error in the trial court.

    The judgment of the trial court is affirmed in all respects and the case is remanded to the trial court.  Costs on appeal are assessed to the appellants.


PER CURIAM